CROW, *Appellant*, v. BEARDSLEY.

1. **Voluntary Assignments**. The statute relating to voluntary assignments, (Wag. Stat., 150,) which provides that "every voluntary assignment, &c., made by a debtor to any person in trust for his creditors, shall be for the benefit of the creditors of the assignor in proportion to their respective claims," does not avoid an assignment which gives a preference to certain creditors. The assignment will stand, but it will inure to the benefit of all the creditors, as well those not named as those named.

2. **"Assignment:"** DEED OF TRUST. The word "assignment," as used in the above section, does not include a deed of trust.

3. **Construction of Statute**: "OR:" "AND." The statute declaring that conveyances made with intent to hinder, delay *or* defraud creditors, shall be void. An instruction that the jury should find for the defendant, unless the conveyance was made to hinder, delay *and* defraud creditors, is erroneous.

    The words "Hinder," "Delay" and "Defraud" are not synonymous.

4. **Trust Deed**: FRAUD. As against creditors, the participation of either the trustee or the beneficiaries of a deed of trust in the fraud of the grantor, is sufficient to avoid the deed.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

Petition filed May 5th, 1875, for goods sold and delivered by plaintiff to defendant, George Beardsley. On the same day an attachment was issued and levied upon a stock of general merchandise, the property of defendant, Beardsley. W. H. Kennan interpleaded, setting up a deed of trust executed by Beardsley to him in consideration of $1.00

paid, and the debt and trust thereinafter mentioned and in trust for the following purposes.    *    *    The deed then sets out the debts of the beneficiaries, none of them being due, and provides that if the debts be paid at their maturity, the deed should be void, otherwise to remain in full force; and in case of default, provided for a public sale of the property by the trustee, after notice, and an application of the proceeds to the payment of the debts specified.    The only peculiarity about the deed was that it put the goods in the possession of a third party until default in the payment of the debts.    The deed was acknowledged and recorded on the day of its execution and before the attachment.    The plaintiff's claim was not mentioned in the deed.    On the trial, on motion of respondent, the court instructed the jury as follows: 1. The court instructs the jury that the deed made by Beardsley to Kennan, read in evidence, was a deed of trust to secure the payment of the debts therein mentioned, and is valid and good against plaintiff herein, unless the jury should believe from the evidence that said deed was made with the fraudulent intent, on the part of Beardsley, to hinder, delay and defraud his creditors, and that the creditors secured by said deed either had knowledge of or participated in such fraud. 2. The court instructs the jury that although they may find from the evidence that Beardsley owed other debts than those mentioned in the deed to Kennan, still the jury must find for plaintiff, unless they further find that the deed to Kennan was made by Beardsley for the purpose and with the intent to defraud such other creditors, and that the parties secured by the deed to Kennan knew of such fraudulent intent.    Verdict and judgment for interpleader.    Plaintiff appeals.

*H. Clay Ewing* with *Thomas H. Musick* and *John M. Gordon* for appellant, cited *Burgert v. Borchart*, 59 Mo. 80; *Read v. Pelletier*, 28 Mo. 173; *Bigelow v. Stringer*, 40 Mo. 195; *Potter v. McDowell*, 31 Mo. 62; *Manny v. Logan*, 27

Mo. 528; *State v. Benoist,* 37 Mo. 500; *Ensworth v. King,* 50 Mo. 477; *Henderson v. Henderson,* 55 Mo. 534.

*Macfarlane & Trimble* with *W. H. Kennan* for respondent.

HENRY, J.—Both appellant's and respondent's counsel seem to labor under the impression that the first section of the act in relation to voluntary assignments. W. S. 150, avoids all assignments which give a preference among creditors. We are not inclined to place that construction upon the section. It provides that, " every voluntary assignment, etc., made by a debtor to any person, in trust for his creditors, shall be for the benefit of all the creditors of the assignor, in proportion to their respective claims." In other words, whether one or more of the creditors be named it shall nevertheless inure to the benefit of all. By the 39th section of the act of 1855, " every provision in any assignment, hereafter made in this State, providing for the payment of one debt or liability in preference to another, shall be void; and all debts and liabilities, within the provisions of the assignment, shall be paid *pro rata* from the assets thereof." This provision is no longer in force. That section permitted the debtor to prefer creditors by an assignment, but forbade a preference of one or more over others named therein. It did not avoid an assignment giving such preference, but only that provision making the preference. *Shapleigh v. Baird,* 26 Mo. 326. Section one of the act now in force has a wider scope, and was designed to prevent any preference of creditors whatever by assignment. Nothing in the section indicates that an assignment preferring a portion of the creditors should be void; but the most reasonable construction of the section is, that the assignment should stand and inure to the benefit of all, as well those not named as those named in the assignment. If the counsel are correct in their view, that the deed executed

1. VOLUNTARY ASSIGNMENTS.

by Beardsley is an assignment, they had no occasion to resort to an attachment, because they would have had equal rights under the deed with those named therein, and could by proper proceedings have compelled the trustee to discharge his duties under the assignment law.

But is the deed executed by Beardsley an assignment? "An assignment is more than a security for the payment of debts; it is an absolute appropriation of property to their payment." Burrell on Assignments, vol. 1, p. 12. The same author distinguishes between assignments and deeds of trust in the nature of mortgages. He says, page 15: "In most of the States assignments in trust are frequently employed for a double purpose—ultimately as modes of provisions for the payment of debts, but intermediately as instruments of security against default of payment by the debtor. Hence they are in many cases drawn with a condition that if the grantor pay the debt provided for within a specified time, the trustee shall reconvey to him the property, or that the deed shall thereupon be void, or *e converso* that if the debtor do not pay the debt by a day named, the trustee shall sell the property and apply the proceeds in payment." The distinction is, that an assignment, "is a conveyance to a trustee for the purpose of raising funds to pay a debt, while a deed of trust in the nature of a mortgage, is a conveyance in trust for the purpose of securing a debt subject to a condition of defeasance." 19 Ohio, 216; *State to use v. Benoist,* 37 Mo. 500. The deed in question here is, therefore, a deed of trust in the nature of a a mortgage. That the word "assignment," in section one of the act relating to assignments, does not comprehend deeds of trust, as they are familiarly known, is more apparent if we consider in this connection the act in relation to trusts and trustees, Wag. Stat. 1347. It is a clear recognition of a distinction betwixt assignments and deeds of trust. Treating the instrument as a deed of trust, did

2. "ASSIGNMENT": deed of trust.

the court err in giving for respondents the first and second instruction?

The first instruction is erroneous in declaring that the jury should find for interpleader, unless they should believe

3. CONSTRUCTION OF STATUTES: "or": "and," from the evidence that the deed was made to hinder, delay and defraud the creditors of Beardsley. The statute declares that conveyances made .with the intent to hinder, delay or defraud creditors shall be taken to be clearly and utterly void. The words "hinder," "delay" and "defraud" are not synonymous. A conveyance may be made with intent to hinder or delay without an intent to defraud. Either intent is sufficient. The instruction, however, declares the conveyance good, unless it was made with the intent to hinder, delay and defraud. In *Burgert v. Borchert*, 59 Mo. 80, SHERWOOD, J., commenting upon a similar instruction in an analagous case, said: " "Thus instructed, the jury, rationally enough, might find that an intent existed to obstruct creditors in the collection of their debts, and also to defer the payments which were due them, without finding that the debtor cherished the knavish design to prevent the ultimate collection of the debt."

It is contended that the instruction is also erroneous in requiring the jury, before they could render a verdict

4. TRUST DEED: fraud. for appellants, to find not only a fraudulent intent on the part of Beardsley, but that the beneficiaries had knowledge of such intention. If Beardsley, by the conveyance, intended to defraud his creditors, and either the trustee or the beneficiaries were privy to such intended fraud, it would invalidate the conveyance.— *Gates v. Labaume*, 19 Mo. 25 ; *State v. Benoist*, 37 Mo. 500 ; *Byrne v. Becker*, 42 Mo. 269. *Pinneo v. Hart*, 30 Mo. 561, has been cited as in conflict with this doctrine, but in the case of *State v. Benoist*, the court observed that "the case of *Pinneo v. Hart* is distinguishable from a case of this kind." There the debtor assigned his whole property for the benefit of all his creditors, and it was held that not-

withstanding some fictitious debts with the knowledge of the assignee were included, the trust could be carried into effect under the assignment act. See, also, Bump on Fraudulent Conveyances, 363. Although Beardsley may have made the conveyance with the intent to hinder, delay or defraud his creditors, yet if neither the trustee, nor the beneficiaries were aware of his purpose, but acted in good faith, his evil intent does not avoid the conveyance. *Byrne v. Becker, supra.* The first and second instructions for interpleaders were erroneous, therefore, in that they required the jury to find that the beneficiaries participated in the frauds of the grantor, before they could find the deed void, although the evidence may have tended to prove the trustee a party to the fraud. The participation of either the trustee or the beneficiaries in the fraud of the grantor is sufficient to avoid the deed. Respondent insists that although the first instruction is erroneous, the judgment should not be reversed on that account, because they contend there was no evidence of fraud against the trustee or beneficiaries. There was evidence—we will not say how much—tending to prove fraud on the part of the grantor and the trustee. If there be any evidence tending to prove a given fact, whatever the court may think of its .sufficiency, that issue cannot be withdrawn from the jury under the assumption that the evidence is not sufficient to establish the fact. So, here we cannot say that there was no evidence tending to prove fraud. The judgment is reversed and the cause remanded. All concur.

REVERSED.