GEORGE T. HULSE, Appellant, *v.* WILLIAM C. MARSHALL, Respondent.

June 1, 1880.

1. Under an assignment for the benefit of creditors, the assignee cannot be compelled by *mandamus* to pay a certain percentage of a claim where the amount depends upon the construction of the deed.

2. The assent of creditors to the provisions of a deed of assignment will, in the absence of an attack upon the deed, be presumed.

3. Where the assignment has not been attacked, it is the assignee's duty to follow the provisions of the deed as plainly expressed.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

CLINE, JAMISON & DAY, for the appellant: " When the law marshalls and distributes the individual and copartnership assets of the different members of a firm, it has respect to the several equities of the creditors of the firm, and of its individual members respectively. In that case, the copartnership assets are to be first applied to the payment of the firm debts, and the individual funds of the several partners

to the payment of their separate individual debts."—Pars.
on Part. (3d ed.) 376, [*347] ; 3 Kent's Comm. (7th ed.)
78 ; Burrill on Assign., sects. 210, 211 ; *O'Neil* v. *Salmon*,
25 How. Pr. 251 ; Pars. on Part. (3d ed.) 347, 480 ; *Mur-
rill* v. *Neill*, 8 How. 414 ; *Weyn* v. *Thornburg*, 15 Ind. 124 ;
*Toombs* v. *Hill*, 28 Ga. 371 ; *Lesler* v. *Abbott*, 28 How. Pr.
488 ; *Ridgway* v. *Clare*, 19 Beav. 311.

J. M. & C. H. KRUM, and WALTER B. DOUGLAS, for the
respondent : The court will not, in *mandamus* proceedings,
first establish or define the duty and then command its per-
formance. — *The State* v. *Garesché*, 3 Mo. App. 526 ; *The
People* v. *Gilmer*, 5 Gilm. 242, 248 ; *The People* v. *Supervi-
sors*, 12 Barb. 217, 222 ; *The People* v. *Mayor*, 51 Ill. 28.
Having an adequate remedy at law, the petitioner cannot
invoke the writ of *mandamus*. — *The State* v. *McAuliffe*, 48
Mo. 112 ; *Mansfield* v. *Fuller*, 50 Mo. 388.  An assignee is
bound by the provisions of the deed, and would be liable per-
sonally for any payments to creditors or others not authorized
by the deed. — *Ogden* v. *Peters*, 21 N. Y. 23, 24 ; *Harrison*
v. *Mock*, 10 Ala. 185, 192 ; *Field* v. *Flanden*, 40 Ill. 470, 473.
To avoid the effect of the deed, the creditors must directly
attack it. — *Henriques* v. *Hone*, 2 Edw. Ch. 125 ; *s. c.* 13
Wend. 243.

HAYDEN, J., delivered the opinion of the court.

It is plain that *mandamus* does not lie here, upon the basis
of the plaintiff's own argument.   On that basis, the court
has first to settle a doubtful question as to the construction
of deeds, and it is only after this doubt has been resolved
in favor of the appellant that a duty could be established
or its performance directed.   Thus, *mandamus* was not
the appellant's appropriate remedy.   *The State ex rel.*
v. *Garesché*, 3 Mo. App. 538.

The complaint is that the respondent, assignee, under the
statute, of George H. Loker, refused to pay to the appellant
five per cent alleged to be due upon the proved claim of

the appellant, although there were assets. Whether the appellant was entitled to this dividend depends primarily on the construction of two deeds of assignment, by which George H. Loker and William N. Loker conveyed their partnership property, and also the individual property of George H. Loker, of whom this appellant was a creditor, to the assignee. By the demurrer to the return, the point sought to be raised was, whether, under the deeds, the partnership creditors shared equally with the individual creditors in the individual estate of George H. Loker, or, whether the individual creditors are to be paid first out of that estate. The deeds show upon their face that it was the intention of the assignors that all the creditors should be paid *pro rata*. No provision is made for individual creditors and nothing points to any distinction. It is thus clear that the assignee was right in refusing to make a difference not warranted by the terms of his trust. There had been no attempt to attack the assignment; and if no one complained, the assignee's duty was to follow the provisions of the deed, as plainly expressed, not to attempt to alter them, thus substituting himself for the tribunal which might pronounce on the question when it was properly raised. Until so raised, assent of creditors must be assumed by the assignee, especially in a case like the present, where, if the deeds can be said to contravene the law at all, they certainly contravene it by no plainly repugnant provisions, which may at once be rejected as contradicting the statute. The cases which hold that where the provisions of an assignment are contrary to law the assignment may be good, if not directly attacked by creditors, apply with stronger force to the facts of the present case. See *Henriques* v. *Hone*, 2 Edw. Ch. 125 ; *Jewett* v. *Woodward*, 1 Edw. Ch. 195 ; *Litchfield* v. *White*, 3 Sandf. 553. *Crow* v. *Beardsley*, 68 Mo. 435, has no bearing here, since there the assignment, or rather deed of trust, was directly attacked, and the question raised by the plaintiff's attachment. Thus, irrespective of the question whether

the rule of equity that the individual property of a partner should first be applied to his individual debts has any application under our statute as against a general creditor, especially in view of such an assignment as the present, the appellant had no standing for the purpose of complaining of the conduct of the assignee, much less for the purpose of compelling him to the desired action.

The judgment on demurrer was properly made final against the appellant, and will be affirmed.   All the judges concur.