MARY RING ET AL., Appellants, *v.* JOHN RING, Respondent.

**April 11, 1882.**

1. On a trial of a plea in abatement in attachment, evidence that the debtor had given sundry warehouse-receipts to different persons and had afterwards sold the goods described therein to other persons, is not admissible to prove an assignment by the debtor for the purpose of hindering and delaying his creditors.

2. An assignment which prefers certain creditors of the assignor is not therefore void; but it will enure to the benefit of all creditors, whether named therein or not.

3. A deed of assignment which reserves to the grantor the surplus, after payment of the debt, is not therefore void.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed.*

A. R. TAYLOR, for the appellant: The deed from John Ring to W. H. Sears, trustee of Cole Brothers, was an assignment. — *Crow* v. *Beardsley*, 68 Mo. 435. This deed of

assignment gave a preference to Cole Brothers, and was, therefore, invalid so far as the preference was concerned.— *Crow* v. *Beardsley*, 68 Mo. 435. Although neither Cole Brothers nor Sears, the trustee, participated in the fraudulent intent, yet if John Ring, the grantor, made the conveyance with the intent to hinder or delay his creditors, it was a ground for attachment. — *Burgess* v. *Burchert*, 59 Mo. 83. If the deed was in legal effect fraudulent, then the law presumes the intent, and it was a good ground for attachment.— *Reed* v. *Peletier*, 28 Mo. 177. The deed was fraudulent in law, because it was made to cover an indebtedness largely in excess of the amount due, $5,500. — *Cordes* v. *Straszer*, 8 Mo. App. 61. The deed was fraudulent in law, because it conveyed a stock of goods to a trustee to carry on the business and change the form of the goods by manufacture.— *The State* v. *Mueller*, 10 Mo. App. 87.

HAYDEN & GLOVER, for the respondent: The making of this conveyance only perfected a security which Cole Brothers had. — *Carter* v. *Holman*, 60 Mo. 498 ; *McQuie* v. *Peay*, 58 Mo. 56. The burden was on the plaintiff to make out a case which entitled them to go to the jury. — *Knapp* v. *Joy*, 9 Mo. App. 47. A reservation of the surplus does not make the deed void. — *Bigelow* v. *Itringer*, 40 Mo. 208 ; *Johnson* v. *McAllister*, 30 Mo. 327.

LEWIS, P. J., delivered the opinion of the court.

The plaintiffs sued by attachment, alleging that the defendant had fraudulently conveyed or assigned his property and effects, so as to hinder and delay his creditors. Upon a trial on the defendant's plea in abatement, the court sustained a demurrer to the plaintiff's evidence.

The testimony tended to show that the defendant had been for many years engaged in the manufacturing and refining of lard, tallow, and other products of fatty materials, and, in December, 1880, being somewhat embarrassed in his affairs, made arrangements for advances of money from

Cole Brothers, defendant agreeing to pay interest at eight per cent per annum, and a commission of one per cent on the amount of each loan. On January 14, 1881, he was indebted to Cole Brothers in an amount not then ascertained, but supposed to be somewhere in the neighborhood of $30,000. He had given to Cole Brothers, by way of collateral security, certain warehouse-receipts, which were now, for some cause, considered worthless. He thereupon executed and delivered, as a substitute for them, a deed of trust conveying all his stock and materials on hand, with the use of the refinery and machinery for completing the manufacture of such materials as were not ready for the market. This conveyance was made to a trustee, with authority to work up the unfinished material, sell all the products to the best advantage, apply the proceeds to the indebtedness to Cole Brothers, and pay over the residue, if any, to the defendant. The indebtedness was stated in the instrument as "not less than $30,000." It was afterwards ascertained that the amount really due was $24,500. The property was immediately turned over to the trustee. Its value was estimated in testimony at from $6,000 to $8,000. There were other assets and property belonging to the defendant, which Cole Brothers and their attorney strongly urged him to include in the security, but he refused, saying in effect that he had other creditors to care for, and that his only present purpose was to make good to Cole Brothers the supposed security previously given them, which had turned out to be of no value.

The plaintiffs endeavored to prove that the defendant had given sundry warehouse-receipts to different parties, and afterwards sold or disposed of the property mentioned in them to persons other than the holders of the receipts; but the testimony was excluded by the court. This exclusion was proper. If the acts were committed, as charged, they did not constitute a fraudulent conveyance or assignment of the defendant's property, so as to hinder and delay his

creditors. The property was not his, in the sense that it might be conveyed away to the injury of his creditors. The ownership, so far as it might interest anybody's creditors, was in the holders of the receipts. The sale or transfer, as charged, was forbidden by law. But this made it no more sufficient to sustain an attachment, than if it had been a burglary or larceny.

We cannot find in the conveyance for the benefit of Cole Brothers, the slightest ground for an imputation of fraud, or of an intent to hinder and delay creditors. The statement of a larger sum than was actually due, is, under the circumstances, of no significance whatever. It could not have been designed to cover up the property by such an exaggeration of the indebtedness as would make it appear to correspond with the value of the property; for the real indebtedness, as ascertained, was already at least three times that value. The facts stated by the witnesses clearly show that the amount of indebtedness was merely guessed at, without any ulterior purpose, and was adopted by the attorney who wrote the instrument rather than by either of the parties. It appeared that but two weeks earlier, the indebtedness was much larger than that stated. The writing and execution were done in the attorney's office, where there were no data at hand to show what, if any, reduction there had been. No attempt was made to state with exactness the true amount, but only an approximation. Nothing here bears any resemblance, in the principles involved, to *Cordes* v. *Straszer* (8 Mo. App. 61), to which we are referred. There, a note was deliberately given for an amount which the maker did not owe, and was secured by a mortgage for the express purpose of keeping the property away from other creditors.

If it be true, as is contended, that the instrument in this case was an assignment, and that, contrary to the statute, it gave a preference to certain creditors, yet these facts would not make it either void or fraudulent. The preference,

only, would be void, so that other creditors might claim their *pro rata;* but the conveyance would stand. No statute or adjudication in Missouri declares such a conveyance to be fraudulent, *per se.* We know of no principle upon which it can be held, on its face, to be a fraudulent conveyance with intent to hinder or delay creditors. *Crow* v. *Beardsley*, 68 Mo. 435.

There is no valid objection to the reservation to the grantor of the surplus or residue, after the payment of the debt. The law would supply this provision if it were not expressed in the deed. *Bigelow* v. *Stringer*, 40 Mo. 208.

*The State to use*, v. *Mueller* (10 Mo. App. 87), is no authority, as plaintiffs seem to suppose, for the position that the deed was fraudulent in law, "because it conveyed a stock of goods to a trustee to carry on the business and change the form of the goods by manufacture." The point in that case was, that the conveyance was to the use of the grantor, in that the property was to be tied up for years, while the claims of outside creditors were expiring by limitation, and thus there would be a growing fund for the benefit of the grantor, while the proceeds of the business would be paying off the beneficiary in the trust. In the present case, there can be no pretence of any such injurious delay, or of any benefit to accrue to the grantor, other than the payment, to the extent that the property could be made more available by manufacturing processes, of the creditors for whose security he was making only a partial provision.

We think that the evidence throughout in this case, bears the strong impress of an honest purpose in the defendant, to provide for all his creditors, to the full extent of his ability. Cole Brothers, who are assumed to have been fraudulently preferred creditors, had been making large advances to him for months, keeping him up when but for their aid he must have failed very much sooner. Yet he refused to do more for them than to make good certain securities upon

the faith of which they had advanced him money ; whereby
the first and highest claim was imposed upon his honor and
integrity when those securities appeared to be worthless.
He had other assets worth, as was supposed, nearly $20,000,
but these he refused to place beyond the reach of his gen-
eral creditors.    We can find, in all the facts presented by
the bill of exceptions, nothing which could properly be left
to a jury upon a question of fraud in a conveyance with
intent to hinder or delay creditors.

The judgment is affirmed.    All the judges concur.