J. WHITEHILL & SON, Respondent, v. L. W. KEEN, Defendant; SPRINGFIELD GROCER COMPANY, Garnishee, Appellant.

St. Louis Court of Appeals, February 21, 1899.

1. **Practice, Trial**: NAME OF PARTY CORRECTED. Treating the error in the name of the plaintiff corporation as clerical merely, the circuit court had the right to order the mistake corrected by the proper amendment.

2. **Mortgage**: INDEBTEDNESS OVERESTIMATED: INSTRUCTION. In the case at bar, fair dealing certainly required the attorney either to inform the other creditors of the mistake in overestimating the indebtedness, or to instruct his clients to hold the surplus for them. Under the findings of the trial court the surplus came into the hands of the appellant through the fraudulent conduct of its attorney. Held, that an instruction that appellant can not be held for its misappropriation by him is error.

*Appeal from the Howell Circuit Court.*—HON. W. N.
EVANS, Judge.

AFFIRMED.

ORCHARD & SAYE for respondents.

Where the agent's acts in the scope of his authority con-
verts property of a third person to his own use, the principal
is liable, though he never authorized or ratified the wrong.
Veitinger Res. v. Winkler, 8 Mo. App. 562; Garretzen v.
Duenckel, 50 Mo. 104; Fahy v. Springfield Grocer Co., 57
Mo. App. 73. An agent acting under a general authority,
binds his principal by any act done within the scope of his
authority, even though it is done against the instructions of
his principal. Am. and Eng. Ency. of Law, 350; State v.
Armstrong, 106 Mo. 395; Mechem on Agency, secs. 714 and
753. It was the duty of the principal in this case (the
Springfield Grocer Company), if they were not going to rat-
ify Wolf's acts, to disavow the authority of Wolf, its agent,
within a reasonable time after the facts came to its knowl-
edge, otherwise it confirmed his acts. In this cause the prin-
cipal was aware of the fraud before Wolf returned, and be-
fore the money was collected, it was its duty to notify Keen.
Am. and Eng. Ency. of Law, 439; Ibid, 417. We contend
that Wolf being the general attorney and agent of the Spring-
field Grocer Company, appellant, that he was an interested
party. That he (Wolf) and the Springfield Grocer Com-
pany were one and the same party; his acts were the acts of
the company, hence the so-called deed of trust was a mort-
gage and not a deed of trust, hence it must refund the over-
plus. Am. and Eng. Ency. of Law, p. 878; Cassady v Wal-
lace, 102 Mo. 575, 580; Thacker v. Tracy, 8 Mo. App. 315, 317.
Wolf, the general attorney, was not a proper person to act as
trustee; his relation with the appellant prohibited him to act

as such, hence his acts are the acts of his principal. Thacker v. Tracy, 8 Mo. App. 315, 317; Long v. Long, 79 Mo. 644, 656.

GOODE & CRAVENS for appellant.

Garnishee's motion for discharge because of gross irregularities in the proceedings, should have been sustained, and the court erred in allowing plaintiffs to amend. Wade, Attachment, sec. 73; Weimnister v. Manville, 44 Mich. 408; Curry v. Woodward, 50 Ala. 259; Stevens v. Dillman, 86 Ill. 233; Bricht v. Corby, 7 Mo. App. 300. The plaintiffs' denial of garnishee's answer was wholly insufficient to make an issue on the answer. And the court therefore erred in hearing any evidence in the case. The garnishee was entitled to discharge on the pleadings. A general averment of fraud without stating the facts, is not sufficient, the facts should be stated; and there was no allegation of Keen's insolvency. Reed v. Bott, 100 Mo. 62; Wait's Fraud. Conv. [2 Ed.], sec. 141; Klein v. Horine, 47 Ill. 430; Wood v. Armory, 105 N. Y. 282. There was no proof of service of garnishment. Voluntary appearance of garnishee will not confer jurisdiction; nor can the garnishee accept service, nor waive any of the material steps required to be taken to acquire jurisdiction of defendant's property in hands of garnishee. Hobd v. Ins. Co., 33 Mich. 400.; Elder v. Hash, 67 Wis. 653; Bank v. McDonald, 46 Mo. 31. That a conveyance is fraudulent, or was made to hinder and delay creditors are wholly insufficient under which to submit proof of fraud in fact. Plaintiff's allegations might have been sufficient in a case of constructive fraud when the vice of the transaction appeared on the face of the instrument, but not in a case when extrinsic evidence must be offered as is the case in every instance of alleged fraud in fact, as the following decisions clearly hold. And therefore the court erred in hearing any

evidence under the pleadings.    Thrasher v. Greene Co., 105
Mo. 244; Ridge v. Greenwell, 53 Mo. App. 479; Gordon v.
Ismay, 55 Mo. App. 323; Peter's Shoe Co. v. Casebeer, 53
Mo. App. 640.    The declarations of Wolf made to third
parties after the deed was executed, and in the absence of the
chief or other responsible officer of the Springfield Grocer
Company, were mere hearsay and wholly incompetent.    The
declarations of an agent made after a transaction is closed,
have never been held admissible against his principal.
Story's Agency [8 Ed.], secs. 135 and 136; Adler-Goldman
Co. v. Adams Express Co., 53 Mo. App 284; Berge v. Bock,
44 Mo. App. 69; Dun v. Altmon, 50 Mo. App. 231.    Al-
though in a general way a principal is chargeable with a fraud
of his agent, yet this doctrine applies only when the act com-
plained of was done distinctly in the line of the business in-
trusted to him and in furtherance thereof.    Sharp v. New
York, 40 Barb. 256; Jarett v. Carter, 132 Mass. 335.

BIGGS, J.—This action was begun in the circuit court
of Shannon county under the name of Whitsel & Son, plain-
tiff, against L. W. Keen, defendant. The suit was by attachment
and the writ was issued under the name of Whitsel & Son.
The Springfield Grocer Company, the appellant herein, was
summoned as garnishee.    There was a change of venue to the
circuit court of Howell county, where the name of the plain-
tiff was, by permission of the court, changed to that of I.
Whitehill & Son.    The garnishee excepted to this action of
the court.    In answer to interrogatories the Springfield Gro-
cer Company denied that it owed Keen anything, or that it
had any goods, chattels or effects in his hands belonging to
him.    For reply to this answer the plaintiff averred in sub-
stance that on the ninth day of December, 1890, L. W. Keen
conveyed to the agent of the Grocer Company and the Keet &
Rountree Mercantile Company a stock of goods worth $8,000,
to secure an alleged indebtedness to the two corporations of

$3,347.09, which was in excess of the true amount due in the sum of $800; that $743.61 of this excess was added to the indebtedness of the grocer company; that this false statement of indebtedness rendered the conveyance void as to the creditors of Keen, and further that the erroneous or false statement was made with the intent to hinder and delay the creditors of Keen, thus making the conveyance fraudulent in fact; that the property was afterwards sold under the deed of trust or mortgage for $3,347; that of that amount the grocer company received $2,243.61, and for which the plaintiff asked judgment.   The replication of the garnishee put in issue the new matter of the reply.   The issues thus presented were submitted to the court without a jury.   The court rendered a judgment against the grocer company for $678.11, from which it has appealed.

The action of the court in permitting the name of the plaintiff to be corrected in the petition and writ from Whitsel & Son to Whitehill & Son, can not, under this record, be regarded as the substitution of one plaintiff for another in the action.   There is no evidence that there was such a firm or corporation as Whitsel & Son.   Treating the error in the name of the plaintiff corporation as clerical merely, which is apparent, the circuit court unquestionably had the right to order the mistake corrected by the proper amendment.   (R. S. 1889, sec. 2098; Wade, Attachments, sec. 73.)

The assignment that the allegations of fraud in the reply were not sufficient to admit evidence of the alleged invalidity of the mortgage, must likewise be overruled.   The averments are, that the debts due from Keen to the beneficiaries in the mortgage were largely overstated, and that this was intentionally done to defraud or delay the other creditors of Keen.   This is not the statement of a mere conclusion, as counsel argue, but of a fact, which, if true, made the mortgage fraudulent.   Bump. Fraud. Con., sec. 56; Cordes v. Straszer, 8 Mo. App. 61.

VOL. 79 app—9

The deposition of J. E. Keet, the president of the Keet & Rountree Mercantile Company, was taken in the case of Grimes Dry Goods Co. v. Freeman. The testimony of the witness was relevant to the issues in the present case. Appellant objected to the testimony for the reason that there was no agreement that the deposition might be read. This objection would have been good were it not for the fact that there was a similar garnishment pending against the Keet & Rountree Mercantile Company, and the abstract of the respondent shows that that case and this were tried together, the issues being the same. This made the deposition of Keet admissible against his corporation. The remedy of the appellant was to limit the application of the testimony to the garnishment against the Keet & Rountree Mercantile Company.

The questions upon which the case hinges are presented by the following instructions:

"3. It is conceded by the garnishee in its reply in this cause, that the deed of trust purported to secure a larger indebtedness than was in fact at the time due the garnishee, but it appearing from the undisputed evidence in the case that said security in excess of the amount really due was a mistake and inadvertence at the time, and without any knowledge of the garnishee or the defendant Keen at the time, the validity of said deed of trust was not affected thereby."

"4. It was the duty of the garnishee to refuse to accept the amount from said trustee in excess of the true amount due, or to return the same to him when the amount was so received by it, and in making such return to said trustee, said trustee became the agent of the grantor, and said garnishee could in no event be held liable for the failure of said trustee to properly account for the amount of said refund."

The third instruction was properly refused because the evidence did not conclusively show that the erroneous statement of the amounts due from Keen was an honest mistake.

The evidence will justly admit of a contrary inference, for the reason that in the transaction the knowledge or intention of the attorney or agent who prepared and secured the deed of trust must be imputed to the appellant. In December, 1890, the appellant and the Keet & Rountree Mercantile Company sent this agent or attorney to Winona, where Keen was doing business, with instructions to collect or secure their debts. At that time Keen owed the appellant on open account $697.10 and two notes, the aggregate amount of which was between $800 and $900. At the same time the appellant held a note against Keen for $644.65, dated in June, 1890. This note did not represent a *bona fide* indebtedness. It had been given by Keen to secure future sales of goods and had been secured by mortgage on certain real estate. The note and mortgage had been secured by the same attorney, and therefore the facts were well known to him. When the attorney started to Winona, this note (together with the other notes and the open account) was delivered to him by appellant, and it was represented in the mortgage as an existing indebtedness. It may be conceded that the weight of the testimony shows that the delivery of the note to the attorney was a mistake on the part of the appellant, and that it had no intention of securing a bogus debt; and we would probably be justified in the statement that there is no substantial evidence in the record that it had such a purpose. But this much can not be said of its agent or of Keen. The uncontradicted evidence is that a day or two after the mortgage was given, and while the attorney was at Winona, attending to the business, he told Keen of the mistake and stated to him that by reason of it he had saved for him (Keen) $800. The execution of the mortgage was followed by various attachments against Keen, yet the attorney immediately sold the mortgaged goods for a sum largely in excess of the actual indebtedness due from Keen to his clients, and he remitted the entire amount of the proceeds

to the appellant, without informing the attaching creditors of the alleged mistake in the mortgage. Fair dealing certainly required the attorney either to inform the other creditors of the mistake, or to instruct his clients to hold the surplus for them. Failing to do either, the circuit court was justified in drawing the inference that the erroneous recital in the mortgage was knowingly made by the attorney. But it is argued that there is no evidence of bad faith on the part of Keen in the execution of the mortgage. We can not agree to this. The facts are, that about six months prior Keen had executed the note for $644, and to secure it he had given a mortgage. It was well understood that the note did not represent a present indebtedness, but was given merely as security for future purchases. The trial judge was warranted in the conclusion that he had not forgotten the nature of so recent a transaction. Besides he admits that two days after the mortgage was given the attorney informed him that the indebtedness had been overestimated and that the amount would be saved to him. He acquiesced in this, and after the sale of the goods he failed to inform his other creditors of the surplus in the hands of the attorney. These facts have some tendency to show a fraudulent purpose on his part in the execution of the mortgage.

FRAUDULENT purpose.

At the time the appellant received the amount of the proceeds of the sale its officers knew that the indebtedness had been overestimated in the mortgage, and its managing officer admitted that the amount of the sale exceeded the debts secured in the sum of $768.68. Instead of notifying the attaching creditors of Keen of the surplus and holding it for them, the appellant undertook to discharge itself of all liability therefor, by paying it to its attorney. It is urged that this was justifiable, for the reason that the attorney was also the trustee of Keen; that he was the proper person to receive the money, and hence appellant can not be held for its misappropriation by him. This is the theory of the fourth

instruction, which we think is erroneous. Under the findings of the court the surplus came into the hands of the appellant through the fraudulent conduct of its attorney, therefore, however innocent the officers of the appellant may have been of an intention to defraud, it was their duty to see to it that the other creditors of Keen received the benefit of the surplus fund. To hold the appellant responsible to this extent only, is certainly quite favorable to it, and of which it ought not to complain. The judgment will be affirmed. Judge Bland concurs; Judge Bond dissents.