CROTHERS et al., Appellants, v. BUSCH et al.

Division One, February 5, 1900.

**Setting Aside Deed**: FRAUDULENT PURPOSE: CREDITOR'S OR TRUSTEE'S KNOWLEDGE. Mere knowledge on the part of the creditor of a fraudulent purpose on the part of the debtor who conveys the property to a trustee for the purpose of defeating the claims of other creditors, does not constitute such beneficiary creditor a participant in the fraud nor will the trustee's acceptance of the transfer of the property to him with full knowledge that the conveyance would defeat the claims of others, defeat such deed of trust if it is founded on an actual consideration.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*J. J. Collins* and *H. C. Young* for appellants.

(1) A *bona fide* creditor has the right to take security for his debt, although he may know the effect it will have to hinder or delay other creditors and although he may also know that the debtor thereby intends to hinder, delay or defeat other creditors, provided such secured creditors does not participate in the fraudulent purpose, or intent of said debtor. Alberger v. White, 117 Mo. 347; Burgert v. Berch, 59 Mo. 80; Reed v. Pillitur, 28 Mo. 173.   (2)   But should a creditor go beyond the point of obtaining, or securing his own debt, and participate in the intention of the debtor to defraud, hinder or delay other creditors, his acts are wrongful and the transaction will be declared void, and should a trustee in a deed of trust participate in a fraudulent purpose of the debtor it will be sufficient to taint the transaction and render it void. Ross v. Ashton, 73 Mo. App. 254; Mayberry v. Jacobs, 40 Mo. App. 128; Beardsley v. Crow, 68 Mo. 435.   (3)   All papers executed in pursuance of an original design contem-

plated and determined upon in the beginning, are in law deemed to constitute one transaction and are to be construed together whether made on the same day or different days. Bump on Fraud. Conv. (3 Ed.), p. 363; Sexton v. Anderson, 95 Mo. 373; Houck v. Frisbee, 66 Mo. App. 16; McDonald v. Wolff, 40 Mo. App. 302.

*Hamlin & Tatlow* for respondents.

(1) A creditor has a perfect right to take security for his honest debt, even though he knows that the purpose of the debtor is to defraud, hinder and delay his other creditors. Mapes v. Burns, 72 Mo. App. 411. The fact that a creditor may know of other pressing indebtedness against the debtor. may only serve as an incentive for the creditor to secure his claim—consequently in no sense renders the transaction fraudulent. Parker v. Roberts, 116 Mo. 663. (2) Misner, Jordan and Delaney, being creditors of Martha Busch, had a legal right to receive and even suggest and demand security, although the legal effect of taking the same be to defraud plaintiffs, and although Mrs. Busch, in giving such security, designed to defraud plaintiffs and although the beneficiaries knew such was her purpose. Alberger v. White, 117 Mo. 347; Shelley v. Boothe, 73 Mo. 74; Holmes v. Braidwood, 82 Mo. 610; Albert v. Besel, 88 Mo. 150; Frederick v. Allganer, 88 Mo. 598.

VALLIANT, J.—This is a suit in equity to set aside a deed of trust on the ground of fraud.

The petition states substantially that defendant Martha Busch was indebted to plaintiff Crothers in the sum of $1,000, and to his co-plaintiff Cotten in about the same sum; that in March, 1896, Crothers obtained judgment on his debt and in September following Cotten obtained judgment on her debt; that on February 10, 1896, while the suit on the Crothers debt was pending, Martha Busch executed a deed of trust,

conveying certain real estate described, to a trustee for the benefit of one Meisner; that the same was without consideration and made solely to hinder, delay and defraud the plaintiffs and other creditors of the grantor; that the land was sold by the trustee and bought in by Meisner, who at the time had full knowledge of the fraud and was participating in it; that in March, 1896, Meisner executed his will naming Martha Busch as one of his devisees; that afterwards the plaintiff, Crothers had the land sold under execution on his judgment and bought it, and holds now the title for the benefit of himself and his co-plaintiff. The prayer of the petition is that the deed of trust be decreed invalid and set aside. The defendants are Martha Busch, the trustee in the deed of trust and the devisees and executor under the will of Meisner deceased. Their answer is a general denial.

The evidence on the part of the plaintiff tended to show that on February 10, 1896, the suit of plaintiff Crothers, in which his judgment was afterwards obtained, was set for trial, and while there was some talk of a compromise it was by consent passed for a few weeks, and on February 11, this deed of trust and two other deeds of trust by the defendant Busch were filed for record; the note on which the Cotten judgment was afterwards obtained was then in the hands of lawyers for collection and Busch knew it. Martha Davis, one of plaintiffs' witnesses testified that defendant Busch told her that she had made these deeds to keep the plaintiffs from getting their money, because she said that Crothers' debt was unjust and the Cotten debt had been paid. Phillis Lewis a servant for Meisner testified that he told her that he had gotten all of Mrs. Busch's property made over to him, that he had been wanting to get it so for a long time, and it was then fixed so that "Old Bell" (referring to the woman who owned the debt held by plaintiff Crothers) would not get anything, that she and Mrs. Cotten had sued "the old woman" (referring to defendant Busch) but that they would not get anything.

Bell Wilson, a witness for plaintiffs, who was the "Old Bell" referred to by the witness Phillis, testified that defendant Busch told her that they had better settle the business between them because if they did not the lawyers would get it all. This witness also stated that she was the owner of the note in the Crothers suit and had transferred it to him for collection; he had advanced her some money on it, how much she did not say, and it was to be repaid him when the debt was collected. The deeds of trust above mentioned, filed for record February 11, 1896, the will of Meisner, a bill of sale by defendant Busch of all her household goods to one Josie Titus, filed for record December 21, 1895, and the two judgments of the plaintiffs were produced in evidence. This was substantially all the evidence introduced by the plaintiffs to support their side of the case.

On the part of defendant the testimony tended to show that the deed of trust in suit was given to secure a debt owing by defendant Busch to Meisner, and the other deeds of trust were given to secure debts she owed the parties interested; that they were made under the advice of the mutual attorney of Busch and Meisner, who was also named as trustee in the Meisner deed and was the beneficiary in one of the other deeds. He testified that he made up the amount for which the Meisner deed was given from data furnished by them at the time, and from his own knowledge as their attorney, and that the object was to secure Meisner. The testimony of the witness Dixon showed that he had loaned Meisner $1,200 on a mortgage on his farm, of which sum he had, at Meisner's request, given to defendant Busch $700, and something over $100 to Meisner, which, with commissions witness charged on the transaction, and something deducted to pay a previous loan, made up the $1,200. This $700 and $240 which the attorney testified Meisner had previously paid him for Busch, and interest and some other smaller items

which she testified Meisner had from time to time loaned her, made up the $1,400 for which the deed of trust was given.

The testimony on both sides shows that the transactions involved in this suit are those of disreputable people. The defendant Busch was the keeper of a house of prostitution and Henry Meisner was her paramour, they living together in open defiance of decency. Bell Wilson was connected with Martha Busch in the disgusting business, Josie Titus was her housekeeper, Martha Davis and Phillis Lewis were servants in the household. It was out of the mouths of such witnesses, and concerning the business dealings of such people, that the chancellor was required to find the true facts of the case. He found that the defendant Busch executed the deed assailed in the petition and the other deed mentioned in the evidence, for the purpose of defeating plaintiffs in the collection of their debts and to give preference to Meisner and the beneficiaries in the other two deeds, but that she owed the debts for which the deeds of trust were given, and that the evidence failed to show that either the beneficiaries or the trustee in those deeds had any other purpose in view than securing their own debts. Therefore, the finding and judgment were for the defendant. The plaintiffs after due proceedings have brought the cause here on appeal.

There is very little difference, if any, between the counsel as to the law of this case. On both sides Alberger v. White, 117 Mo. 363, is cited, wherein it is said per GANTT, J.: "A creditor has a perfect right to take security for an honest debt from his debtor, although he may know that the effect of taking it will be to delay or hinder the other creditors of his debtor in the collection of their debts, and though he may also know that the debtor thereby intends to hinder, delay or defeat his other creditor, provided, always, the creditor so preferred does not participate in the fraudulent purpose or intent of his debtor." Citing Shelley v. Boothe, 73 Mo. 74; Holmes v. Braidwood, 82 Mo. 610; Albert v. Besel, 88 Mo.

150; Frederick v. Allgaier, 88 Mo. 598. And, on the other hand, it is equally conceded that if the preferred creditor takes the security not only for the purpose of securing his own debt but also to assist the debtor in placing his property out of reach of his other creditors the act is fraudulent and the security invalid.

But appellants contend that if the attorney under whose advice the debtor acts becomes the trustee in the deed, that fact renders the deed fraudulent upon the theory that the participation of the trustee in the fraud is chargeable to the preferred creditor and Crow v. Beardsley, 68 Mo. 435, is relied on to support the contention. In that case it is decided, and the decision is sound, that although the creditor may be ignorant of the fraud, yet if there was fraud and if the trustee participated in it, the creditor would take the security tainted with the fraud and it would be invalid. In that case it is said: "There was evidence—we will not say how much—tending to prove fraud on the part of the grantor and the trustee." There the trustee seemed to have acted in the absence of the creditors who were attempted to be preferred, and if there was fraud it was either that of the debtor alone, or of the debtor and the trustee. In the case at bar there is no evidence of any fraud on the part of the trustee unless as contended by appellants the debtor's purpose was fraudulent and the trustee's knowledge of it and the fact that the deed was executed under his advice amounted to fraud on his part. The charge in the petition is that this deed was made without consideration and for the sole purpose of defrauding the creditors of the grantor. But the charge as to want of consideration was disproven by satisfactory evidence and there was really no proof to sustain it. The only proof as to her purpose to defeat the plaintiffs in the collection of their debt was the testimony of Martha Davis above mentioned which was to the effect that defendant Busch told her that she had thus deeded her property to prevent the plaintiffs from getting their money; but this the defendant

Busch in her testimony denied. As between these two witnesses it would be hard to choose. The trustee had been for several years the attorney for both Busch and Meisner and may be presumed to have known what the purpose of both of them was in the execution of the deed. In Crow v. Beardsley, *supra*, the trustee was considered as representing the absent creditors and whatever wrong, if any, there was in his act was imputable to them when they undertook to avail themselves of the benefit of it. But we have seen that mere knowledge on the part of the creditor himself of a fraudulent purpose on the part of his debtor will not constitute such creditor a participant in the fraud, nor will his participating in the act to the extent of asking and urging the deed for his own security render it liable to be impeached. How then can the knowledge and participation of his representative the trustee have a more injurious effect on his rights than his own knowledge and participation? Under our statute if a deed be made to hinder or delay the creditors of the grantor it is void as to those creditors although, in the language quoted by HENRY, J., in Crow v. Beardsley, *supra*, from SHERWOOD, J., in Burgert v. Borchert, 59 Mo. 80, it may not have been made with "the knavish design to prevent the ultimate collection of the debt."

The suit to collect the debt of plaintiff Crothers was pending and set for trial, and the note representing the debt of plaintiff Cotten was in the hands of attorneys for collection, and those facts were well known to defendant Busch and to Meisner and their attorney the trustee in the deed, and there can be no doubt that whatever other ultimate purpose Busch may have had, Meisner and the attorney knew that the effect of this deed and the other two deeds in evidence would be to at least hinder and delay the plaintiffs and prevent them from obtaining the preference that they would otherwise have when they should get their judgments, and they knew that defendant Busch knew it and designed it, still, if their purpose was only to give Meisner the preference the deed does not come under

the condemnation of our statute, although with that knowledge on the part of those three Meisner asked it and the attorney advised it and himself became the trustee in the deed.

These deeds of trust were executed February 11, 1896. Meisner made his will on March 20 following, naming defendant Busch one of his devisees, and he died shortly afterwards. There was no evidence to connect the making of the deed of trust with the making of this will, and nothing to justify the inference that the deed and the will were the result of one and the same agreement or understanding; and so far as the record shows, the will was not an unnatural or unreasonable one.

The whole evidence in the case does not lead to a finding of any purpose on the part of Meisner or that of the attorney more injurious to the plaintiff's interest than giving him the preference over them.

The chancellor reached the correct conclusion and the judgment of the circuit court is affirmed. All concur.