TnE State *to the use of* Levy, *Assignee*, v. Adler
*et al., Appellants.*

1. **Deed of Assignment**: SUFFICIENCY OF STATEMENT. A statement, duly verified, in a deed of assignment, which, after giving a general description of the stock of goods, concludes: "All of which property is · of the value of about thirty-five hundred dollars," is a sufficient compliance with Revised Statutes, section 362.

2. ——: PRACTICE. A fact admitted by the pleadings need not be proved.

3. ——: FRAUD. Although an assignor may have made an assignment with a fraudulent intent, still unless the assignee knew or participated therein, such intent will not avoid the deed.

4. —— : ——. In an assignment of all the assignor's property, for the equal benefit of all of his creditors, the mere intent to avoid legal process does not, in point of law, make the assignment void.

5. —— : ——. The fact alone that the assignor has made prior fraudulent transfers of some of his effects cannot avoid or make fraudulent the subsequent assignment.

6. —— : ——. If an assignment is made for the purpose of having the property administered under the assignment law, and according to its spirit and intent, there can be no fraud in the assignment. Prior disconnected acts of the assignor will not vitiate it.

7. **Practice, Civil**: ACTION ON BOND. Where, in an action on a bond, the petition sets out the bond, a breach thereof, and prays a judgment for damages sustained only, and there is a trial of the issues upon the answer, the judgment for the penalty of the bond under Revised Statutes, sec. 570, should not be arrested. In such cases the court may grant any relief consistent with the case made by the plaintiff and embraced within the issues.

*Appeal from St. Louis City Circuit Court.*—Hon. Shepard Barclay, Judge.

Affirmed.

*Nathan Frank* and *Dyer, Lee & Ellis* for appellant.

(1) The court erred in admitting in evidence the deed of assignment from Spiro to Levy, because the affidavit to the deed was not in accordance with the statute. (2) It was for the jury to determine, under proper and cautionary instructions from the court, whether the fraudulent purpose on the assignor's part existed, and sufficient facts appeared to put the assignee upon the inquiry. *Rupee v. Alkire*, 77 Mo. 641; *State ex rel. v. Merritt*, 70 Mo. 275; *Crow v. Beardsley*, 68 Mo. 435; *Paris v. Dupre*, 17 S. C. 283; *State v. Estel*, 6 Mo. App. 6; *Leavitt v. Laforce*, 71 Mo. 353; *Baldwin v. Whitcomb*, 71 Mo. 659; *Douglass v. Hill*, 29 Kas. 527; *Erfort v. Comsalus*, 47 Mo. 212, 213; *Burchert v. Borchert*, 59 Mo. 83, 86, 87; *Bobb v. Woodward*, 50 Mo. 98; *Field v. Liverman*, 17 Mo. 217; *Bridge v. Eggleston*, 14 Mass. 245; *Hartman v. Dieler*, 62 Pa. St. 37. (3) The petition on its face does not state a good cause of action on a bond, nor does it ask for proper relief; therefore, the motion in arrest of judgment should have been sustained.

*Krum & Jonas* for respondent.

(1) The deed of assignment of Spiro to respondent, for the benefit of the former's creditors, was a valid conveyance in law. The statement of the assignor verified by his affidavit, made at the time of the execution of the deed of assignment, setting forth the general nature of the estate and effects assigned, by describing the various properties assigned, and the full value of such estate and effects by the words "of the value of about thirty-five hundred dollars," was in conformity with section 362 of the Revised Statutes of 1879. If the

statement and affidavit of the assignor were not in conformity with section 362, the deed of assignment would nevertheless be valid if it fell within the provisions of the act concerning voluntary assignments. *Hartzler v. Tootle*, 85 Mo. 28, 29 ; *Hardcastle v. Fisher*, 24 Mo. 70 ; *Duval v. Raisin*, 7 Mo. 449 ; *Robert v. Casey*, 25 Mo. 590 ; *Douglass v. Cissna*, 17 Mo. App. 58 ; *Winn v. Madden*, 18 Mo. App. 265. When something is required to be done, or is prohibited under the assignment statute with reference to the assignment, the omission of the duty required to be performed, or the doing of the act prohibited, will not invalidate the conveyance unless the statute expressly invalidates it for these reasons. *Hartzler v. Tootle*, *supra* ; *Hardcastle v. Fisher*, *supra*; *Crow v. Beardsley*, 68 Mo. 435 ; *Brennan v. Wilson*, 71 N. Y. 502. Giving the deed of assignment in this case a strict construction, it follows that it is a conveyance of all the debtor's property for the equal benefit of all his creditors in proportion to their respective claims—and is valid. *State v. Keeler*, 49 Mo. 548 ; *Pike v. Bacon*, 21 Mo. 280. (2) An assignment, valid in its creation, cannot be invalidated by the subsequent fraudulent or illegal acts of the parties thereto. *Gates v. Labeaume*, 19 Mo. 17 ; *Goodwin v. Kerr*, 80 Mo. 276. Whilst the conduct of the assignor and assignee subsequent to the assignment, may be a matter for the consideration of the jury in determining whether the assignment was fraudulent in its inception (*Goodwin v. Kerr*, *supra*), yet such conduct must be in reference to matters that would affect the validity of the assignment, and must have occurred within a reasonable subsequent period to the assignment. (3) The testimony attempted to be introduced with reference to the indebtedness and insolvency of Spiro, was properly excluded. *Durkee v. Chambers*, 57 Mo. 575. The fact that he was in debt or insolvent at the time of the assignment, did not destroy his *jus disponendi* over his

property for an honest purpose. *Daugherty v. Cooper*, 77 Mo. 531 ; *Wilkerson v. Allen*, 67 Mo. 502. (4) The motion in arrest of judgment was properly overruled. The petition contains all the necessary averments required by sections 567 and 3511, Revised Statutes. It was not necessary in the petition to pray for the penalty of the bond. The judgment is rendered for the penalty, if the verdict be for plaintiff. R. S., 1879, sec. 570. If, however, this prayer was necessary, the want of it is cured after judgment, by the statute of *jeofails*, R. S. 1879, sec. 3582, and by reason of the fact that no advantage was taken by appellants of the defect before judgment. *State ex rel. v. Sandusky*, 46 Mo. 380.

BLACK, J.—A. Spiro made a voluntary assignment of his property to F. Levy for the benefit of his creditors. The deed of assignment was executed and recorded on the eighteenth of November, 1882. On the twentieth of the same month, Adler and others, composing the firm of Adler & Co., sued Spiro in attachment, and levied upon the assigned property then in possession of the assignee. The assignee made claim for the property and thereupon the defendants in this suit gave the sheriff an indemnifying bond. 2 R. S. 1879, p. 1555. This is a suit by the assignee upon that bond to recover the value of the property taken from him. Defendants deny ownership of the property in the plaintiff, and tender the further issue that Spiro made the assignment with intent to hinder, delay and defraud his creditors.

1. Defendants objected to the deed of assignment when offered in evidence by the plaintiff, on the ground that the affidavit attached thereto was not in conformity with the statutes. Section 362, Revised Statutes, makes it the duty of the assignor to make and file with the deed of assignment, a verified statement, "setting forth the general nature and full value of the estate and effects assigned." The same section makes it the duty of the

assignee to give bond in double the amount of the assigned effects within three days ; and if the appraisement, thereafter to be made, shall be greater than the value given in the statement, then he must give another bond. In the present case, the statement, duly verified, after giving a general description of the stock of goods and property, concludes, "all which property is of the value of about thirty-five hundred dollars." The validity of the assignment does not depend upon the statement, and if none had been made and filed with the assignment, the omission would not invalidate the deed of assignment. *Hartzler v. Tootle*, 85 Mo. 23. But this statement is a fair compliance with the law. It is plain to be seen that the principal object of the statement is to furnish a guide for the amount of the bond to be given by the assignee in the first instance. Here the property consisted of manufactured clothing, unmanufactured jeans, and of fixtures and accounts, and it would have been difficult to give an exact valuation. The value is stated to be about thirty-five hundred dollars, and that is sufficient.

2. Spiro, being called as a witness by the defendants, testified, in substance, that he found he could not go on with his business ; that he feared he would be closed up by attachments ; that he went to his lawyer to make an assignment, and while there sent for Levy ; that he had had no previous conversation with Levy about an assignment ; that Levy first refused, and then consented, to act as assignee, and that the deed was then made, recorded, and the property turned over to Levy. His evidence shows that an unsuccessful effort had been made to compromise his debts. It may be here stated that the assignee was examined at length, by the defendants. During the examination of Spiro, numerous objections were made, and by the court sustained, to questions asked by defendants. They then

offered to show by the witness the amount of his indebtedness at the date of the assignment, the amount of the debt which he owed Adler & Co., and that, within ten days before the assignment, he had transferred property to persons in St. Louis and elsewhere, without consideration. This offer embraced what defendants had previously sought to disclose, and the court refused to permit an examination on these subjects. The court, at the close of the case, directed a verdict for plaintiff, and refused to submit the issue of fraud to the jury.

The amount of the debt due to Adler & Company is admitted by the pleadings, so that there was no occasion to offer proof on that subject. Since considerable latitude is allowed in the examination of witnesses on questions of fraud, and the witness was a party to the alleged fraudulent transaction, the court might well have allowed a more extended examination. But it does not follow that the judgment must be reversed. There is no claim that any creditor of Spiro had anything to do with making the assignment. Before it can be avoided, it must appear that Levy was, in some way, a party to the fraud. Although the assignor may have made the assignment with intent to hinder, delay, or defraud his creditors, still, unless the assignee knew of, or participated in the fraudulent purpose, the fraudulent intent of the assignor will not avoid the deed. *Crow v. Beardsley*, 68 Mo. 435, and cases cited. Moreover, this is an assignment for the benefit of all of the creditors of the assignor in the proportion of their respective claims, as an assignment must be under our present statute. It includes all of the property of the assignor, the estate is to be administered under the statute and the directions of the circuit court. Much that is said in the books as to what will render an assignment fraudulent, where preferences are made and allowed, and the estate is to be managed under the powers in the deed, dictated by the assignor, can have

no application to an assignment like that now in question. In an assignment of all of the property of the assignor for the equal benefit of all of his creditors, the mere intent to avoid an execution, or other legal process, does not, in point of law, make such an assignment void. Bump. on Fraud Con. (3 Ed.) 355. The fact alone that the assignor has made prior fraudulent transfers of some of his effects cannot avoid or make fraudulent the subsequent assignment. We find no evidence whatever, showing or tending to show, that the assignee had any connection with, knowledge, or information of, any fraudulent purpose on the part of Spiro, if any there was. The evidence all tends to show that he accepted the trust for the sole purpose of administering the estate under and according to the law. There was a full examination of Spiro, as to all matters having any direct connection with the making of the assignment, and since it was not proposed to show that Levy was a party to, or connected with, the prior fraudulent transfers, the proposed evidence could not, and cannot, change the verdict. The statute concerning fraudulent conveyances and the assignment law must be construed together. There can be no more just and equitable disposition of an insolvent debtor's effects than that provided by the assignment law. If the assignment is made for the purpose of having the property administered under the law, and according to its spirit and intent, there can be no fraud in the assignment. Prior disconnected fraudulent acts of the assignor will not vitiate it.

3. Although the verdict and judgment are in due form, under Revised Statutes, section 570, it is argued that the motion in arrest of judgment should have been sustained, because the petition prays for a judgment for damages sustained only and not for the penalty of the bond sued upon. The petition sets out the bond and assigns the breach, and regularly the prayer should

have been for judgment for the penalty of the bond and for an assessment of damages sustained by the breach. There was, however, a trial of the issues upon the answer, and in all such cases the court may grant any relief consistent with the case made by the plaintiff and embraced within the issues. R. S., 1879, sec. 3683. The motion in arrest was properly overruled.

The judgment of the circuit court is affirmed. BARCLAY, J., not sitting ; the other judges concur. ,