BROWNELL & WIGHT CAR COMPANY, *Appellant*, v. BARNARD *et al.*

Division One, June 19, 1893.

1. **Practice**: INTERPLEADER: CIRCUIT COURT RULES. A motion to dismiss an interplea in an attachment suit because of the failure of the interpleader to give notice of its filing within the time prescribed by the rules of the trial court is addressed to the discretion of the court and its action overruling said motion, where not shown to have been prejudicial to the rights of the defendant, will not be reversed on appeal.

2. **Evidence**: HARMLESS ERROR. The admission of irrelevant evidence, which, however, has no tendency to prejudice the complaining party, is no ground for a reversal of the judgment.

3. **Corporation**: MORTGAGE: PRIMA FACIE EVIDENCE. A mortgage executed under the seal of a corporation, signed by its president, attested by its secretary and duly acknowledged and recorded and also bonds and notes executed in like manner are *prima facie* evidence of the transfer of title and debt respectively in favor of a *bona fide* purchaser for value.

4. **Sale**: PURCHASE PRICE: LIEN. Where one makes an absolute sale of personal property and delivers possession of the same to the buyer the vendor has no lien for the purchase price. *Straus v. Rothan*, 102 Mo. 261 followed.

*Appeal from Johnson Circuit Court.*—HON. C. W. SLOAN, Judge.

AFFIRMED.

*W. B. Thompson* and *W. W. Wood* for appellant.

(1) The court erred in overruling the motion to dismiss the interplea. (2) The trust deed from the Electric Springs Railway Company to Theodore Youngs, trustee, and the bonds secured thereby, was improperly admitted. (*a*) Because there was no showing that the statutory conditions authorizing their issue had been complied with. Constitution, 1875, art. 12, sec. 8; Revised Statutes, 1889, secs. 2499, 2500; *State ex rel. McGrath*, 86 Mo. 239. (*b*) Because no sufficient foundation was laid for introduction of secondary evidence of the contents of the record of the Electric Springs Railway Company, pledging the bonds to the Johnson County Savings Bank as collateral. Revised Statutes, 1889, sec. 4847. (3) There was error in admitting in evidence the note for $7,200, purporting to have been executed by the Electric Springs Railway Company to the Johnson County Savings Bank for the reason that there was no showing that the statutory conditions authorizing its issue had been complied with. See authorities under point 2, sub-head *a*. (4) The court

erred in admitting the trustee's deed from Theodore
Youngs, trustee, to George W. Colbern. '(*a*) Because
the same party was both trustee and beneficiary in
the deed of trust and therefore had no authority under
the law to execute the trust or make the conveyance
of the property. *McQuie v. Peay*, 58 Mo. 56; *Landrum v.
Bank*, 63 Mo. 48; *Thacker v. Tracy*, 8 Mo App. 316. (*b*)
Because there was no showing that the law governing
notice of sales under deeds of trust had been complied
with.    Revised Statutes, 1889, secs. 7092, 7093.    (*c*)
Because the conditions mentioned in the. deed of trust
upon which a sale might have been made were not com-
plied with, in this; that the deed of trust required the
trustee to give thirty days' notice, etc., "by at least
one insertion per week in said paper for said thirty
days," whereas the trustee's deed recites that the prop-
erty was advertised "at least thirty days before the day
of sale, without specifying whether it was advertised
once a week or even whether the paper was a weekly
paper.    (5) The whole of the evidence offered by the
interpleader having been inadmissible, it follows that
there was error in overruling plaintiff's demurrer to
interpleader's evidence.    (6)    The court erred in giving
to the jury the peremptory instruction to find for the
interpleader.    (*a*) The evidence showed that Colbern
was not an innocent purchaser for value of the cars, and
as between him and the plaintiff the defendants had an
attachable interest in the cars.    Revised Statutes, 1889,
sec. 4914; *Norris v. Brunswick*, 73 Mo.  256; ` Parker v.
Rodes*, 79 Mo. 88; *State v. Mason*,  96 Mo. 127; *Milling
Co. v. Turner*, 23 Mo. App. 103; *Rahge Co. v. Alexe*,
23 Mo. App. 184; *Boyd v. Furniture Co.*, 38 Mo. App.
210; *Straus v. Rothan*, 102 Mo. 261; *Corning & Co. v.
Medicine Co.*, 46 Mo. App. 16.    (*b*) The defendant
had an interesting in the property, which was subject
to execution, and any interest capable of being levied

upon under execution may be attached.    1 American &
English Encyclopedia of Law, pp. 894–911.    Drake on
Attachments [6 Ed.], secs. 244–248.

*J. M. Shepherd* and *O. L. Honts* for respondent.

(1) Respondent as interpleader by uncontradicted
evidence made proof of ownership of the attached
property in question; it was therefore the duty of the
trial court to instruct the jury to return a verdict in
his favor.    Revised Statutes, 1889, sec. 572.    (2) The
statute does not undertake to create a lien on personal
property for the purchase price, but is a statute of
exemption only.    *Straus v. Rothan*, 102 Mo. 261.    (3)
Appellant's various objections to the introduction of
the bonds, notes, and deeds of the Electric Springs
Railway Company in evidence, for the reason that no
authority was shown for the execution of these instru-
ments by the officers of the company, are not well taken.
(4) The deed from Theodore Youngs, trustee, to res-
pondent was competent evidence.    See *Landrum v.
Bank*, 63 Mo. 48.

BRACE, J.—In an action upon a promissory note
for $2,780, instituted in the Johnson county circuit
court by the said Brownell & Wight Car Company,
the defendants in this issue, against the makers thereof,
Frank Barnard, J. B. Wood, Frank Wood, and M. F.
Doud, a writ of attachment upon statutory grounds
was issued, returnable to the October term, 1890, of
said court, in aid of the action and on the eleventh
day of June, 1890, levied upon four street railway cars.
At the ensuing October term of said court, and on the
twenty-first day of October, 1890, George W. Colbern,
the plaintiff in this issue, interpleaded in said action,
claiming the said street railway cars as his property.

Afterwards at the February term, 1891, of said court, the said defendant company filed a motion to dismiss said interplea on the ground that no notice had been served upon it within the time required by the rules of said court; which motion was overruled, and exceptions saved to this action of the court. On the first day of June, 1891, the issues upon the interplea came on to be tried before a jury.

It appeared from the evidence, that the promissory note sued on was given for the purchase money for the railway cars, upon which the writ of attachment was levied; that they were sold by the defendant to the said Doud, Woods and Barnard, and by them sold and transferred with other property by deed to the Electric Springs Railway Company, a corporation duly incorporated under the laws of this state. Afterwards the said railway company, by its mortgage deed, conveyed the said cars, together with its other property and franchises, to Theodore Youngs in trust to secure the payment of twenty-six first-mortgage bonds of $500 each, issued by said company on the fifteenth day of November, 1889, bearing interest at the rate of six per cent. per annum, payable semi-annually, with power of sale upon default in payment of principal or interest or any part thereof. Afterwards these bonds were pledged to the Johnson County Savings Bank as collateral, to secure an indebtedness of said company to said bank on a promissory note of $7,200, payable in sixty days with power to sell said bonds in case of default in the payment of said note. The company having made default in the payment of said note, the bonds were sold to the interpleader, plaintiff herein, and the company have also made default in the payment of the interest on said bonds, the said cars and other property conveyed to the said trustee were sold in pursuance of the power and according to the terms

of said deed of trust, at public sale to the highest bidder, and the plaintiff became the purchaser thereof; and afterwards received a deed from the trustee conveying the same to him.

There was also evidence tending to prove that the plaintiff had notice at the time of his purchase that the purchase money due the defendant for said cars remained unpaid. At the close of the evidence the court instructed the jury to return a verdict for the plaintiff, which was accordingly so done, and from the judgment rendered thereon in his favor, the defendant appealed.

I. By a rule of the Johnson county circuit court, interpleas in cases of attachment are required to be filed "within the first two days of the term to which the writ is returnable, and shall be triable thereat, and before the issue on any plea in abatement;" and that "notice of all interpleas shall be served by the interpleader upon all parties to the cause or their attorneys, within three days after the filing thereof, unless longer time be granted by the court. The failure to make such service shall entitle the parties opposing the interplea to an order dismissing the same.

The plaintiff filed his interplea within the time required by the rule at the October term, 1890. But no action was taken upon it until the next ensuing February term when defendant moved to dismiss the interplea for want of notice of the filing. The court heard evidence *pro* and *con* on this motion, overruled it, and the case was continued to the next (June) term, when the issue was tried. The rule was made for the purpose of expediting the trial of such issues, and not for the purpose of depriving the interpleader of his legal rights. The motion to dismiss was addressed to the discretion of the trial court, and its ruling thereupon not shown to have been prejudicial to the defendant's rights, will not be reviewed.

II. Counsel for the defendant urge for reversal that the trial court committed error in admitting evidence: First, certain ordinances of the city of Warrensburg, granting a right of way to lay a street railway in said city to Doud and Woods and the Electric Springs Railway Company; *second*, the trust deed from the Railway Company to Youngs; *third*, the bonds secured by the deed of trust and the note for $7,200, executed by the Railway Company to the bank, and *fourth*, the trustees deed from Youngs to the plaintiff.

As to the first error assigned, it must be conceded that the ordinances were wholly irrelevant to the issue, and ought upon the defendant's objection to have been excluded, but their admission in no way tended to prejudice the defendant's case.

As to the second, the mortgage or trust deed was duly executed under the seal of the company, signed by its president and attested by its secretary, duly acknowledged and recorded, was admissible in evidence and *prima facie* sufficient to show transfer of title to the cars to the trustee. *Hamilton v. McLaughlin*, 145 Mass. 20; *Missouri Fire Clay Works v. Ellison*, 30 Mo. App. 67; *Musser v. Johnson*, 42 Mo. 74.

The bonds were in like manner executed under the seal of the company, signed in the same way as the deed, by its proper officers and were *prima facie* evidence of an indebtedness of the company according to their tenor and effect, as was also its promissory note to the bank, and for that purpose were admissible in evidence. In the absence of any proof to the contrary it will be presumed that they were issued in accordance with the requirements of the statute, in an issue between a *bona fide* purchaser for value, and one having no interest and claiming no right under the corporation— a stranger in fact and in interest to the transaction.

This suit was evidently commenced and prosecuted under the mistaken idea that a vendor who makes an absolute sale of personal property and delivers possession thereof to the vendee, still retains some sort of a lien upon the property for the unpaid purchase money. It is only upon some such theory that any of the defendant's objections to the plaintiff's evidence of title could have been sustained. This theory was thoroughly exploded by the decision in the case of *Straus v. Rothan*, 102 Mo. 261, which is decisive of the case in hand; for when the defendant levied its writ of attachment, its debtors Barnard, Woods and Doud had no interest whatever in the property, having before that time parted with all they ever had, in good faith, and the defendant, by the levy, acquired none.

The interplea in this case, in the absence of evidence showing any further right to the property than that acquired by the levy, could have been sustained by simply showing that the plaintiff was in the peaceable possession of the property at the time the levy was made. It appears by the record that at one time the counsel for the plaintiff started to make this proof, but by the ingenuity of counsel for the defendant, he was "shunted from the track."

What has been already said applies to and answers the objections made to the introduction of the trustee's deed to the plaintiff. It was sufficient, *prima facie*, to convey title to the property. Any irregularity there may have been in the execution of the power can only be inquired into by those having some interest in the property. The judgment is for the right party and is affirmed. All concur, except BARCLAY, J., absent.