PHILIP VAN FRANK, Respondent v. A. WALTHER et al., Appellants.

### St. Louis Court of Appeals, May 8, 1900.

1. **Suit for Purchase Price:** ASSIGNMENT OF PROPERTY: NOTICE OF CLAIMANT AGAINST EXECUTION FOR PURCHASE PRICE: CLAIMANT BONA FIDE PURCHASER. Appellants, the vendors of the furniture, brought suit for the unpaid purchase price thereof; the vendee Dunlop, with his wife, the day after suit was filed, executed their written assignment duly acknowledged, of all his property for the benefit of creditors, whereupon the assignee, three days after judgment in favor of appellants, obtained an order from the court to sell the assigned property, and the same sold for

value to Van Frank, father-in-law of the vendee, who set up claim to the property under the statute after levy had been made thereon by virtue of an execution issued on said judgment: Held that Van Frank was entitled to the property, his purchase being *bona fide* and no prior lien existing in favor of appellants.

2. ———: ———: ———: ———: ASSIGNEE BONA FIDE. It is not sufficient to prove fraud that vendor intended by his deed of assignment to hinder and delay appellants in the collection of their debt, but the proof should show that the assignee participated in the fraudulent purchase.

3. ———: ———: ———: ASSIGNEE'S ATTITUDE. The general rule is, that an assignee succeeds only to the rights of the assignor affected with the same equities; a similar rule prevails against a trustee in a deed of trust, or an attaching, or execution creditor with notice of the equities.

4. ———: ———: ———: APPELLANTS HAD NO LIEN. Appellants having no lien against the furniture, their contention that both assignee and Van Frank had notice of their claim would not even if true avail them under section 3170, Revised Statutes 1899, and therefore having no foundation on which to base their claim, the judgment must be affirmed.

Appeal from the Cape Girardeau Court of Common Pleas.—
*Hon. F. E. Burrough,* Judge.

AFFIRMED.

*Wilson Cramer* for appellants.

(1) Appellants insist that the property in controversy was liable to execution in the hands of Van Frank, who bought from the assignee with knowledge that the purchase price had not been paid by Dunlop, the assignee. (2) Personal property is subject to execution on judgment against the purchaser for the purchase price, except in the hands of an innocent purchaser for value without notice of the existence of such claim. R. S. 1889, sec. 4914. (3) In the hands of Dunlop, the purchaser, the goods in controversy were subject to seizure under the judgment for the unpaid purchase price. (4) Neither the assignee, nor the

creditors whom he represents, are purchasers for a valuable consideration without notice. Burrill on Assignments, (3 Ed.), p. 540; State to use v. Rouse, 49 Mo. 586; Peet v. Spencer, 90 Mo. 384; Huse v. Ames, 104 Mo. 91; Green v. Conrad, 114 Mo. 651. (5) The assignee stands in the shoes of the assignor and acquires no greater rights than he possessed. Drew Glass Co. v. Baldwin, 27 Mo. App. 44; Cody v. Vaughan, 53 Mo. App. 169; Jacobi v. Jacobi, 101 Mo. 507.

*Robert L. Wilson* for respondent.

(1)    Respondent insists that the property in controversy was not liable to execution in the hands of respondent, Van Frank. 1 Revised Statutes of Missouri, 1889, sec. 4914, is a statute of exemptions, and not a statute of liens or priorities as contended for by appellant. Straus v. Rostran, 102 Mo. 261; Kane v. Manley, 63 Mo. App. 43. A lien is not created in favor of a vendor of personal property by Revised Statutes 1889, section 4914. Barton v. Sitlington, 128 Mo. 165-177. (2) It is not denied that an assignee for the benefit of creditors takes the debtor's estate subject to all equities and liens existing at the date of the assignment. He is not a purchaser for value without notice. But in the case at bar the plaintiffs in execution had no equities or liens. If the plaintiffs in execution before the assignment by Dunlop and wife had caused a levy to be made on the furniture for the unpaid purchase price Dunlop could not have successfully claimed it as exempt, but the assignment had been made nearly a month before they obtained a judgment against Dunlop, which cut off all claim of the execution creditors. Green, Assignee v. Conrad, 114 Mo. 651. (3) "In an action attacking an assignment as fraudulent in order to set aside the deed the creditor must not only make it appear that not only the assignment was fraudulent on the part of the assignor, but that the

fraud was participated in by the assignee. But in the case at bar there was no allegation that either of the assignees, Albert or Ranney, so participated or was there a particle of evidence to that effect." State ex rel. v. Keeler, 49 Mo. 548; Hardactle et al. v. Fisher et al., 24 Mo. 70; State er rel. Levy v. Adler, 97 Mo. 413.

BLAND, P. J.—Appellants, Albrecht and Rudolph Walther, who are furniture dealers, brought suit in the Cape Girardeau Court of Common Pleas against Frank H. Dunlop for the purchase price of certain furniture sold and delivered by them to him for the refurnishing of his hotel. The petition was filed and personal service had on the third day of January, 1899. On the twenty-seventh day of January, 1899, they recovered judgment for $381.93. An execution was issued on February 4th and levied a few days afterwards on the several articles of furniture sold to Dunlop, which were described in the judgment and were clearly identified and pointed out to the sheriff. Upon this levy being made Philip R. Van Frank, who is the father-in-law of Dunlop, set up claim to the property and served on the officers a written, verified notice of his claim. Plaintiffs gave an indemnifying bond, whereupon Van Frank executed a forthcoming bond and retained possession of the property.

The litigation out of which this appeal arises, was had upon the written claim of Van Frank, which was put in issue by plaintiffs in execution.

Van Frank's claim comes about in the following manner:

On the fourth day of January, 1899, the day after the filing of plaintiff's suit for the unpaid purchase price of the goods bought from them, Dunlop and wife executed a deed of assignment for the benefit of their creditors. The assignee named in the deed refusing to act, R. G. Ranney was appointed in his stead by the common pleas judge in

vacation.   On the thirtieth day of January, three days after the Walther judgment was rendered, Ranney, the assignee, who is a practicing attorney and was present at the January term of the common pleas court, obtained an order to sell the assigned property.   In pursuance of this order he sold, in lump, on February 3rd all of the property assigned to him, including the Walther furniture to Van Frank and executed to him a bill of sale, which forms the basis of his claim."

To the written claim of Van Frank the appellants filed an answer, denying each and every allegation of the written claim, and alleged specially the recovery of their judgment and the levy of execution on the furniture, for the purchase price of which the judgment was obtained, and that if the said Philip R. Van Frank, the claimant herein, purchased said goods, as set forth in his written claim, he did so with full notice and knowledge that plaintiffs' claim for the purchase price was still unpaid, and that he is not an innocent purchaser for value; that the deed of assignment mentioned in the written claim of Van Frank was made by the said Frank H. Dunlop and wife for the fraudulent purpose and intent to hinder, delay and  defraud these creditors of said Dunlop, and that the said Philip R. Van Frank, who is the father-in-law of the said Frank H. Dunlop, fraudulently counselled, advised and assisted in the making thereof with full knowledge of such intent and for the fraudulent purpose of aiding the said Dunlop in carrying out his said intent, and that he became the ostensible purchaser of said goods and chattels from the assignee fraudulently and for the use and benefit of the said Frank H. Dunlop and wife.   The proof is that Dunlop was running a hotel at the city of Cape Girardeau; that he was largely indebted to appellants and others and was hopelessly insolvent; that respondent had purchased the hotel building under a deed of trust prior to his purchase from the assignee.   The assigned property was appraised at

Van Frank v. Walther.

$1,800. The assignee procured an order of the court to sell at private sale, provided he could obtain $2,500 for the assigned property; that respondent bought this property at private sale and paid $2,500 cash for it; that when the assignee took possession of the property and made the inventory and had it appraised he put it in the possession of respondent as his agent; that respondent is the father of Dunlop's wife and that when he made the purchase from the assignee he had full knowledge that the furniture bought from appellants was not paid for. At the conclusion of the evidence the court instructed the jury that the sale by the assignee to Van Frank cut off plaintiffs' right to subject the furniture to execution, and directed the jury to find a verdict for Van Frank. Appellants assign the giving of this instruction as error.

There is no evidence in the record tending to show that the deed of assignment is fraudulent. The fact, if it be a fact, that Dunlop intended by the deed to hinder and delay the appellants in the collection of their debt, is not sufficient to prove fraud. To show fraud, the proof should go one step further and show that the assignee participated in the fraudulent purpose. There is neither allegation nor proof of such participation. State to use v. Keeler, 49 Mo. 548; Hardcastle v. Fisher, 24 Mo. 70; State to use v. Adler, 97 Mo. 413; Crow v. Beardsley, 68 Mo. 435. Speaking generally an assignee succeeds only to the rights of the assignor and is affected by all the equities against him. Burrill on Assignments [4 Ed.], 391; Petit v. Spencer, 90 Mo. 844; State ex rel. v. Rouse, 49 Mo. 586; Huse v. Ames, 104 Mo. loc. cit. 98; Green v. Conrad, 114 Mo. 651. And this is so under section 365 Revised Statutes 1899, which places the assignee in the shoes of a trustee in a deed of trust or attaching or execution creditor, provided he had notice of the equities against the assignor before or at the time of the execution of the deed of assignment. There is

conclusive evidence that Van Frank had notice of the fact that the purchase price of the furniture was due to appellants, and some evidence that the assignee also was affected with like notice. Appellants contention is that if both the assignee and Van Frank are affected with notice of appellants' claim, their purchases are subjected to it under section 3170, Revised Statutes 1899 (same as sec. 4814, R. S. 1889). In order to maintain their position it must be held that appellants had a lien under the statute for the unpaid purchase price of the furniture which they can enforce against the respondent, who with his grantor had notice of the lien. The latest authoritative decisions of our supreme court construe the statute to be one of exemptions only, and not one creating a lien in favor of a vendor of personal property. Barton v. Sitlington, 128 Mo. loc. cit. 177; Straus v. Rothan, 102 Mo. 261; Brownell & Wight Car Co. v. Barnard, 116 Mo. 667. Having no lien appellants had no foundation on which to base their claim, and the judgment is affirmed.

Judge *Bond* concurs; Judge *Biggs* absent.