PATRICK H. DEGNAN, Appellant, v. EMMETT B. THOROUGHMAN, Respondent.

**St. Louis Court of Appeals, March 4, 1901.**

1. **Corporation**: CONTRACTS: SEAL OF CORPORATION: AGENCY: PRESUMPTION. In respect to simple contracts, it is generally held that an execution of an instrument by the proper officer with the seal of the corporation affixed, is presumptively within the scope of the officer's general agency and prima facie binding on the corporation.

2. ――――: ――――: ――――. But where the seal of the corporation is not affixed to assignments made by the president of the corporation, the evidence carried by the seal that, presumptively, the officer had authority to execute the instrument, is wanting and his authority must be gathered from some other source.

3. ――――: ASSIGNMENT FOR BENEFIT OF CREDITORS. The president of a corporation, without authority from the board of directors, can not make an assignment of the assets of the corporation.

Appeal from St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

AFFIRMED.

*Thos. B. Crews* for appellant.

"A contract signed by the president and secretary of a private corporation will be presumed to be within the powers of these officers in the absence of evidence to the contrary." The notes and assignments offered in evidence were prima facie the valid and authorized acts of the corporation. Win-

scott v. Investment Co., 63 Mo. App. 367; Mo. Fire Clay Wks. v. Ellison, 30 Mo. App. 67, loc. cit. 71; Bambrick v. Campbell, 37 Mo. App. 460.

*Thomas G. Rutledge* and *H. M. Pollard* for respondent.

Did the president and secretary of the Walsh Rubber Company have authority to make the assignments to appellant? R. S. 1899, secs. 973 and 1322; McKeag v. Collins, 87 Mo. 164; Hyde v. Larkin, 35 Mo. App. 365; Hutchinson v. Green, 91 Mo., loc. cit. 375; Webb v. Lumber Co., 68 Mo. App. 546; Calumet v. Haskell, 144 Mo. 331; Kane v. School District, 48 Mo. App. 414.

BLAND, P. J.—The controversy in this case arises out of conflicting assignments made by the W. D. Walsh Rubber Company, a business corporation. One was a general assignment by deed to respondent of all of the assets of the corporation for the benefit of its creditors, dated January 5, 1898; the other assignments were of specific book accounts to the appellant as security for the payment of notes. The first was made December 31, 1897, to secure a promissory note of $584.95; the other dated January 5, 1898, was of the identical accounts described in the previous assignments and to secure a promissory note of $576.75. The first note and assignment was signed "W. D. Walsh Rubber Company, per W. D. Walsh, president." The second note and assignment were signed in the same way, and were attested by L. C. Sanguinet, acting secretary. The evidence is that when the first assignment was made, appellant took into his possession all of the assigned accounts and made two small collections thereon; that his office was in the room occupied by the Walsh Rubber Company, and that during his absence on the sixth day of January, respondent, acting on the

deed of assignment, took possession of all of the assets of the corporation, including the accounts which appellant had taken under his assignment, locked the door, and refused appellant admission, or to let him have the accounts. It was agreed between the parties, to save costs and to facilitate the collection of the accounts, that respondent should collect them and keep his collections separate from other moneys, and that the rights of the appellant should not be prejudiced thereby, but that his rights should be adjudged by future agreement or by litigation after the accounts were collected. Respondent collected $829 of the accounts. No agreement was reached between him and appellant, and this suit was brought to test the validity of the two assignments of specific accounts to appellant. On the trial it was shown that W. D. Walsh was the general manager and president of the rubber company. There was no resolution of the board of directors of the corporation authorizing Walsh to make the assignment of the book accounts to appellant, nor was there any testimony tending to show that the board had ratified these assignments, neither was there any testimony tending to show what the practice or usage of the corporation had been in the making of contracts, signing notes, etc. The trial court held that there was no testimony tending to show that Walsh, as president and general manager of the corporation, had authority to assign the accounts to appellant, and gave judgment for the respondent.

The scope of the authority of the general manager and president of a business corporation is necessarily large, and includes the authority to do all things that are necessary to be done in the daily transaction of its ordinary business. The limits of his authority depend upon the nature and character of the business in which the corporation is engaged, and the usages and customs that have been practiced and sanctioned in the transaction of that business, and the special authority,

if any, delegated to him by the board of directors.    Sparks v. Dispatch Co., 104 Mo. 531.

The contention of appellant is that the act of the president in the one case, and of the president and secretary in the other, of executing the notes and assignments, are presumptively valid, and that the court erred in excluding them as evidence. In support of his contention he cites Hall v. Bank, 145 Mo. 418, and cognate cases. In the Hall case, a deed signed "The First National Bank of Trenton, Missouri, by C. H. Cook, vice-president," to which the seal of the corporation was affixed and acknowledged by C. H. Cook as vice-president, the board of directors having before that passed a by-law, that in the absence of the president, the vice-president might act, and the president being absent when the deed was signed, was held prima facie valid; but it was further held, on a showing that the by-law provided that the vice-president might act only by order of the board of directors, and that the board had not ordered him to execute the deed, that the deed was void. Section 904, chapter 11, Revised Statutes 1899, concerning conveyances, provides that "any private corporation authorized to hold real estate, may convey the same by deed sealed with the common seal of the corporation and signed by the president, or presiding member or trustee thereof." Deeds executed and acknowledged in conformity with this statute have been uniformly held in this State to be prima facie valid. St. Louis Pub. Schools v. Risley, 28 Mo. 415; Bromwell v. Barnard, 116 Mo. 667. But in respect to simple contracts it is generally held, that an execution of an instrument by the proper officer with the seal of the corporation affixed is presumptively within the scope of the officer's general agency and prima facie binding on the corporation, on the theory that the seal carries with it prima facie evidence that it was right-

Vol 88 app—5

fully affixed.   Musser v. Johnson, 42 Mo. 74; Small v. Field,
102 Mo. loc. cit. 120; Catron v. Lafayette Co., 106 Mo. loc.
cit. 670; City of Kansas v. R'y Co., 77 Mo. loc. cit. 188;
Morawitz on Private Corporations, sec. 617.   The seal of the
corporation is not affixed to the assignments made by Walsh,
and the evidence carried by the seal that presumptively the
officer had authority to execute the instruments, is wanting,
and his authority must be gathered from some other source
if it can be found in the record.   The assignments of the ac-
counts were for the benefit of a creditor.   That, as president,
without authority from the board of directors, Walsh could
not so dispose of the assets of the corporation is the well-set-
tled law of this State.   Calumet Printing Co. v. Haskell, 144
Mo. 331; Hutchinson v. Green, 91 Mo. 361; Hyde v. Larkin,
35 Mo. App. 365; Ferguson & Wheeler v. Venice Trans. Co.,
79 Mo. App. 352.   It is not pretended that the board of direc-
tors authorized the assignments, and we hold that they were
insufficient to pass the accounts to the appellant.   The judg-
ment is affirmed.   All concur.   Judge *Goode* in the result.