BACON PIANO COMPANY, RESPONDENT, v. MEDCALF JEWELRY & MUSIC CO., APPELLANT.—40 S. W. (2d) 762.

In the Springfield Court of Appeals. Opinion filed July 3, 1931.

*Sheron J. Pate* for appellant.

*McKay & Peal* for respondent.

COX, P. J.—Action in replevin for possession of a player piano. Trial by jury resulting in verdict and judgment for plaintiff. Defendant appealed.

The conceded facts are that on May 2, 1924, Jim R. Billetdeaux and wife, Lillian, executed certain notes to Smith-Medcalf & Company, a corporation, amounting to $435, and secured same by a chattel mortgage on the piano involved in this action. It is contended by plaintiff that these notes and chattel mortgage were assigned to plaintiff for value by Smith-Medcalf & Company and that default had been made and under the mortgage plaintiff was entitled to the possession of the piano. The defense is that the notes and mortgage were not legally assigned to plaintiff and for that reason that the plaintiff could not maintain this action.

It is admitted that an assignment in proper form was endorsed on the notes and mortgage in the name of Smith-Medcalf & Company by V. F. Smith, who was at the time, President and General Manager of the said Smith-Medcalf & Company. There is no direct evidence that the Board of Directors of this corporation ever authorized or ratified the action of its President and General Manager in making this assignment. There was evidence on part of defendant that the Board did not authorize this transfer. There was some evidence tending to show that V. F. Smith, the President and General Manager, had complete control of the business of the corporation but there was no evidence that he had ever before this date sold and transferred any note or mortgage belonging to the company. The question of Smith's authority to execute this assignment was not submitted to the jury but the court instructed the jury that it was admitted that Vernon F. Smith was the President and General Manager of said Smith-Medcalf & Company, a corporation. This is followed by the following language: "You are, therefore, instructed, that under the law the said Vernon F. Smith had authority and was authorized as President and General Manager of Smith-Medcalf & Company, a corporation, to assign said note and mortgage to the plaintiff, Bacon Piano Company, and that said assignment was and is valid and binding and conveyed the title in said note and mortgage to the Bacon Piano Company and you will find the issues in this case for the plaintiff. . . ."

This peremptory instruction to find for plaintiff must have been given on the theory that a person who is president and general manager of a corporation, has, by reason of his official position, authority to sell and assign the property of the corporation, for the evidence does not show the general character of business done by the corporation, except an inference that might be drawn from some of the testimony that the corporation handled jewelry and drugs, but there was no evidence that the corporation handled pianos or bought and sold notes or chattel mortgages of any kind. There was no evidence tending to prove that the act of Smith in assigning the notes and mortgages in this case was in line of his duty as general manager of the corporation. That being true, the only theory upon which the peremptory instruction given for plaintiff can be upheld is that the fact that Smith was President and General Manager of the corporation, *ipso facto*, authorized him to transfer the notes and mortgage to plaintiff. As we understand the rule of law applicable to the facts shown in this abstract of record, Mr. Smith, as President and General Manager, of the corporation, had authority as such officer to do any and all acts that were within the general scope of business of the corporation but he could go no further than that. [14 (a) C. J. 93, Sec. 1858; Danglade & Robinson Mining Co. v. Mexico-Joplin Land Co. et al., 190 S. W. 35; Robinson v. Mining Company, 178 Mo. App. 531, 163 S. W. 885; Concrete & Steel Const. Co. v. National Asphalt Refining Co., 2 S. W. (2d) 157; Tyler Estate v. Hoffman, 147 Mo. App. 510, 124 S. W. 535; Degnan v. Thoroughman, 88 Mo. App. 62, 66.]

An act not within the ordinary business of the corporation may be shown by proof of usage or acquiescence of the Board of Directors to have been authorized without a direct authorization by the Board of Directors. [Sparks v. Dispatch Transfer Co., 104 Mo. 531, 15 S. W. 417; Moore v. Gaus & Sons Mfg. Co., 113 Mo. 98, 106, 20 S. W. 975.]

But evidence of that character could not warrant a peremptory instruction but would only authorize submitting that question to the jury.

Evidence as to statements made by Mr. Smith out of court as to why he transferred the notes and mortgage to plaintiff were admitted over the objection of appellant. This evidence was clearly hearsay and should not have been admitted.

The judgment will be reversed and the cause remanded. *Bailey* and *Smith, JJ.,* concur.